## Louisville & Nashville Railroad Company v. E. H. Taylor & Sons, Incorporated.

(Decided May 1, 1928.)

### Appeal from Franklin Circuiit Court.

1. Carriers.—In shipper's action against carrier for loss of cases of whisky in transit, issue whether carrier failed to make delivery to consignee of number of cases delivered to it by shipper held for jury under conflicting evidence.

2. Trial.—In shipper's action against carrier for value of cases of whisky alleged to have been lost in transit, instruction permitting jury to find for plaintiff for reasonable value of the lost cases, if they found that a greater number of cases were delivered to carrier than it delivered to consignee, held not objectionable as submitting both law and facts to the jury.

3. Trial.—In shipper's action against carrier for value of lost cases of whisky, refusal of requested instruction that jury find for defendant, if car in which cases were transported was sealed and spiked at the loading point, and seals and spikes were unbroken, and spikes were unremoved at time car was delivered to consignee, held not prejudicial, where question of difference in number of cases delivered to carrier and those delivered by it to consignee was submitted to jury.

4. Appeal and Error.—In action by shipper against carrier for loss of cases of whisky in transit, refusal of requested instruction that receipt given by railroad company for 550 cases of whisky was only prima facie evidence of quantity delivered held not prejudicial, where court allowed fully all evidence offered to contradict statement in bill of lading as to quantity of whisky shipped.

WOODWARD, WARFIELD & HOBSON and MORRIS & JONES for appellant.

D. L. HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee instituted this action to recover of appellant the sum of $1,008 for a loss of 63 cases of whisky

claimed to have been delivered by it to appellant at Taylorton, Ky., for shipment to the Quincy Market Cold Storage & Warehouse Company, 131 Beverley street, Boston, Mass., and also to recover the pro rata of the freight paid on the entire shipment, amounting to $59.85. The entire shipment contained 550 cases of whisky, which, it is alleged, were delivered to appellant on June 5, 1924, consigned as above stated. Appellant, through its agent, issued and delivered to appellee a bill of lading for 550 cases of whisky, by the terms of which appellant agreed to transport said whisky from the point of shipment to its destination via L. & N., Big Four, New York Central, and Boston & Maine railroad lines. The shipment was made in a car initialed M. C. No. 64494. The alleged breach of the contract contained in the bill of lading is the basis of the suit. The allegations are that 550 cases of whisky were delivered to appellant, consigned to the warehouse in Boston, and that, when the shipment was delivered to the consignee and received by it, 63 cases had been lost.

In its answer, the appellant admitted it issued to appellee a bill of lading showing on its face the delivery to it of 550 cases of whisky consigned as above stated, but it alleged that the shipment did not contain 550 cases, and that the number of cases so delivered to it at the point of shipment were not more than 487.

The evidence for both the appellant and appellee was submitted to the jury, which returned a verdict in favor of appellee for the amount sued for.

Appellant urges two grounds for reversal. One is that the court should have peremptorily instructed the jury to return a verdict for it. There is no real basis for that contention. The evidence produced by appellee in its favor showed clearly that 550 cases were delivered to appellant at the point of shipment. Of course it may be that the witnesses who testified to that fact were mistaken, or that they made a mistake in the count, but they do not admit that they did so or that they were mistaken. Their testimony is that 550 cases were delivered to appellant for shipment. The evidence is not disputed or contradicted in any way except by the evidence of appellant, which showed that all of the whisky which was delivered to it for shipment was actually carried to the point of destination and delivered to the consignee.

The case for appellant was thoroughly prepared. There is no link left out. It proved as conclusively as such a matter can be proved by evidence that the shipment was carried intact after delivery to it and was so delivered to the consignee in Boston. The car was sealed, and the seals remained unbroken. Reading the evidence for appellant, the mind is well satisfied that, as the cases of whisky were received, so they went through and were delivered. Turning, however, to the evidence offered for appellee, the mind is not left in doubt as to whether 550 cases of whisky were delivered to appellant or whether only 487 cases were so delivered. The evidence is convincing that the full 550 cases were received by appellant at the point of shipment.

If this does not make a case for a jury, we are at a loss to know just what state of facts would make it necessary to submit a question to a jury. This court cannot set aside the verdict of a jury when such a state of facts is presented. Appellee made out a perfect case for recovery, and appellant made out a perfect case to defeat a recovery. Something had to give way, and the jury brushed aside the defense and allowed the case for appellee to stand. We must leave it so, unless there is some error in the giving or refusing to give instructions.

There was nothing for a jury to consider other than whether 550 cases of whisky were delivered to appellant for shipment. We believe it is not disputed that only 487 cases were delivered to the consignee, but, if there is any dispute on that question the jury had two thinigs to determine only. One was whether the 550 cases of whisky were delivered to appellant, and the other was whether it delivered to the consignee no more than 487. Counsel for appellant insist, seemingly in earnest, that the court submitted both law and facts to the jury. We do not think so. The court thus instructed the jury.

"If the jury believe from the evidence that the plaintiff delivered to defendant 550 cases of whisky for carriage to Boston, and that the defendant only delivered to the consignee named by the plaintiff 487 cases thereof, then the jury should find for the plaintiff the reasonable market value at Boston of 63 cases of whisky, not exceeding in all $1,067.85; and, unless they so believe, the jury should find for defendant."

This instruction did not allow the jury to find for appellee unless it first believed that 550 cases of whisky were delivered to appellant, and it still did not allow the jury to find for appellee unless it further believed from the evidence that only 487 cases were delivered to the consignee. If the jury did not believe that 550 cases were delivered to appellant for shipment, or if it did not believe that no more than 487 cases were delivered to the consignee, it was told in clear and simple language that it was to return a verdict in favor of appellant.

Instruction Y, offered by appellant, was a request that the court instruct the jury to return a verdict for it, although it receipted for 550 cases of whisky at the loading point, provided the jury should further believe from the evidence that the car in which the cases of whisky were transported was sealed and spiked at the loading point, and that the seals and spikes were still in place when the car was delivered to the consignee, provided the car was transported over the entire route with the seals unbroken and the spikes unremoved. If the jury believed from the evidence what it would have been required to believe by this instruction, no doubt it would have returned a verdict for appellant under the instruction given by the court. A jury of ordinary intelligence could not have found that 550 cases were delivered to appellant, if it believed from the evidence that this same number of cases without any interference was transported over the entire distance and when the shipment reached its destination there were only 487 cases. If none were taken out or lost after the shipment was delivered to appellant, the number at the end of the line must have been identical with the number at the beginning.

Appellant offered instruction Z, which was not given by the court. This instruction would have told the jury that the receipt given by the railroad company for 550 cases of whisky was only prima facie evidence of the quantity delivered and not conclusive. There was no occasion to give that instruction, because the court allowed fully all the evidence which may have established that 550 cases were not included in the shipment when it was delivered. There is no basis upon which we can found a belief that the jury reached a conclusion that the bill of lading was conclusive after hearing all of the evidenc produced intended to contradict the statement in the bill of lading as to the quantity of whisky shipped.

This case was well tried by every one having any connection with it, and it developed that questions were involved which had to be determined by a jury. The jury may have reached a conclusion not in accordance with the real truth, but, if such is the case, there is no way for this court, or any one else, to ever know to a certainty that the jury was wrong.

Judgment affirmed.